UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LONNESS W. VALENNA,<br><br>                Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                Defendant. | NO. C15-1498-RAJ-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff Lonness W. Valenna appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be REVERSED and REMANDED for further administrative proceedings.

I.    FACTS AND PROCEDURAL HISTORY

At the time of the administrative hearing, Plaintiff was a 31-year-old woman with a high school diploma (with special education). Administrative Record ("AR") at 40, 250. Her past work experience includes employment as a cashier, security guard, shelf stocker, and

REPORT AND RECOMMENDATION - 1

shipyard tool runner. AR at 251. Plaintiff was last gainfully employed in April 2010. *Id.*

On November 16, 2012, Plaintiff protectively applied for SSI and DIB, alleging an onset date of April 1, 2010.[1] AR at 222-29, 245. Plaintiff asserts that she is disabled due to anxiety, depression, gender issues, innersexed condition, and irritable bowel syndrome. AR at 249.

The Commissioner denied Plaintiff's applications initially and on reconsideration. AR at 137-44, 147-59. Plaintiff requested a hearing, which took place on January 21, 2014. AR at 37-76. On February 28, 2014, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on his finding that Plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 20-31. After reviewing additional evidence, the Appeals Council denied Plaintiff's request for review. AR at 6-12. On September 20, 2015, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1, 3.

## II.     JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.     STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

---

[1] At the administrative hearing, Plaintiff amended her alleged onset date to November 16, 2012. AR at 61.

REPORT AND RECOMMENDATION - 2

*Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id.*

## IV.   EVALUATING DISABILITY

As the claimant, Ms. Valenna bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act").  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted).  The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At step five, the burden shifts to the Commissioner.  *Id.*  If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.  Step

one asks whether the claimant is presently engaged in "substantial gainful activity."  20 C.F.R. §§ 404.1520(b), 416.920(b).[2]  If she is, disability benefits are denied.  If she is not, the Commissioner proceeds to step two.  At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities.  If the claimant does not have such impairments, she is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the

---

[2] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R. § 404.1572.

claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V. DECISION BELOW

On February 28, 2014, the ALJ found:

1. The claimant meets the insured status requirements of the Act through June 30, 2016.

2. The claimant has not engaged in substantial gainful activity since April 1, 2010, the alleged onset date.

3. The claimant's anxiety disorder, depressive disorder, post-traumatic stress disorder, transgender-related psychological condition, left knee disorder, and left shoulder disorder are severe impairments.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. The claimant has the RFC to perform light work, which is defined as lifting and/or carrying up to twenty pounds occasionally and ten pounds frequently, standing and/or walking up to two hours and sitting up to six hours all within an eight-hour work day with normal breaks. 20 C.F.R. §§ 404.1567(b), 416.967(b). In addition, the claimant is limited to unskilled, routine, repetitive work. She can have no contact with the public, but she can have occasional contact with supervisors and co-workers. The claimant will be off task at work seven percent of the time, but she will still be able to meet minimum production requirements. Finally, she will be absent from work at least one time per month.

6. The claimant is unable to perform any past relevant work.

7. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform.

8. The claimant has not been under a disability, as defined in the Act, from April 1, 2010, through the date of this decision.

AR at 22-30.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

REPORT AND RECOMMENDATION - 5

1. Whether the ALJ erred in considering certain medical opinion evidence;

2. Whether the ALJ erred in assessing Plaintiff's RFC; and

3. Whether the ALJ erred at step five.

Dkt. 12 at 1-2.

## VII. DISCUSSION

A. <u>The ALJ Did Not Err in Assessing Medical Opinion Evidence.</u>

Plaintiff argues that the ALJ erred in discounting opinions provided by examining psychologists Victoria McDuffee, Ph.D., and Rebekah Cline, Psy.D.; and treating mental health therapist Christina Cantwell, MA, LMHCA, CDPT. Dkt. 12 at 7-12. The Court will address each disputed opinion in turn.

1. *Legal Standards*

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751; *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions. "He must set forth his own interpretations and explain why they, rather than the

doctors', are correct." *Id*. (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Like treating physicians, the uncontradicted opinions of examining physicians may not be rejected without clear and convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss,* 427 F.3d at 1216.

2.  *Dr. McDuffee*

Dr. McDuffee performed a DSHS examination in October 2012, and opined that Plaintiff had several marked and severe limitations in her ability to perform basic work activities, but also indicated that she failed a malingering test. AR at 311-19. The ALJ discounted Dr. McDuffee's opinion because of her reliance on Plaintiff's subjective statements, rather than the objective test results. AR at 28. The ALJ also noted that Plaintiff's activities were inconsistent with Dr. McDuffee's opinion in certain respects. *Id*.

Dr. McDuffee's reliance on Plaintiff's subjective statements is evident in the content of her report, because she cited self-reported symptoms as impacting Plaintiff's ability to work. *See* AR at 312. Plaintiff does not assign error to the ALJ's adverse credibility determination, and the ALJ was entitled to discount medical evidence that relies on non-credible self-reporting. *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

Plaintiff argues that she did not perform her activities in a manner consistent with competitive employment, and therefore the ALJ erred in citing those activities as a reason to discount Dr. McDuffee's opinion. Dkt. 12 at 9. But an ALJ may discount a medical opinion

REPORT AND RECOMMENDATION - 7

that is inconsistent with a claimant's level of activities.  *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).  Plaintiff cites no authority, and the Court is not aware of any, requiring that a claimant's activities be performed in a context similar to a workplace in order to be found inconsistent with a medical opinion.  Plaintiff's social and volunteering activities, as well as her ability to complete a job training program, are at least arguably inconsistent with the marked and severe limitations indicated by Dr. McDuffee.  *See* AR at 313.

Because the ALJ provided specific and legitimate reasons to discount Dr. McDuffee's opinion, the ALJ's assessment should not be disturbed.

3. *Dr. Cline*

Dr. Cline completed a DSHS evaluation in January 2012, and concluded that Plaintiff "appears to be capable of working were so[m]eone to give her a chance, and unfortunately may require the assistance of a [law]yer to find non-discriminatory employers." AR at 306-10.  The ALJ gave significant weight to Dr. Cline's opinion, finding it consistent with objective test results as well as Plaintiff's activities.  AR at 28.

Plaintiff argues that the ALJ's assessment of Dr. Cline's opinion fails to account for all of the opinion report, which also includes a description of problems Plaintiff would experience in finding employment and in the workplace.  *See* AR at 308.  The ALJ discussed those aspects of Dr. Cline's opinion, but explained that significant weight was given to Dr. Cline's ultimate conclusion that Plaintiff could work if offered a job, but would be expected to face discriminatory barriers to obtaining a job offer.  AR at 28.  The two portions of Dr. Cline's opinions are not necessarily inconsistent, as Plaintiff posits, because Dr. Cline did not indicate that Plaintiff's problems would be disabling; instead, she suggested that even with those

problems, Plaintiff could work if offered a job.[3]  AR at 308.  Plaintiff has not identified an error in the ALJ's assessment of Dr. Cline's opinion.

    4.    *Ms. Cantwell*

Ms. Cantwell, Plaintiff's treating therapist, wrote a letter in November 2013, describing Plaintiff's symptoms and Ms. Cantwell's opinion as to the impact of those symptoms on Plaintiff's ability to work.  AR at 412.  Ms. Cantwell's conclusions read, in relevant part:

> [Plaintiff] does not seem able to interact appropriately, without a debilitating amount of fear, with coworkers, supervisors, and the public.  [Her] anxiety impacts her ability to maintain a normal work pace and schedule.  Relying on my clinical observations and judgment, I do not believe that [Plaintiff] could tolerate the stress involved in a normal work environment.

*Id*.  The ALJ discounted Ms. Cantwell's opinion in light of testing showing that Plaintiff's memory and concentration are intact, as well as Plaintiff's self-reported ability to use public transportation, volunteer in the community, and attend and engage in regular therapy appointments.  AR at 27.

Plaintiff argues that the ALJ's reasons are not germane, as required in the Ninth Circuit.  *See Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993).  Specifically, she argues that memory and concentration test results have no bearing on the limitations identified by Ms. Cantwell, and that the activities cited by the ALJ do not demonstrate an ability to function in a competitive workplace.

Ms. Cantwell did, however, describe Plaintiff's symptoms to include "a diminished ability to think or concentrate[,]" which is contradicted by Plaintiff's intact results on concentration testing.  AR at 412.  Therefore, the Court disagrees that the concentration testing is irrelevant.  Furthermore, the ALJ cited Plaintiff's activities as contradicting Ms. Cantwell's

---

[3] The Court also notes that employers' hiring practices are not considered when determining whether a claimant is disabled.  *See* 20 C.F.R. § 404.1566.

REPORT AND RECOMMENDATION - 9

opinion, not for the purpose of showing that she can perform competitive work. Ms. Cantwell indicated that Plaintiff cannot interact appropriately with *inter alia* the public, but, as the ALJ noted, Plaintiff was able to use public transportation and volunteer in the community. AR at 27, 240, 312, 412. Inconsistency with medical evidence and a claimant's activities are germane reasons to discount Ms. Cantwell's opinion. *See Bayliss*, 427 F.3d at 1218; *Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). Accordingly, the ALJ's assessment of Ms. Cantwell's letter should not be disturbed.

B.     The ALJ Did Not Err in Finding that Plaintiff Would be Off-Task 7% of a Workday.

Plaintiff challenges the ALJ's finding that she would be off task 7% of a workday, but still able to meet minimum production requirements.[4] *See* AR at 25. Plaintiff argues that this finding is arbitrary and unsupported by any particular evidence in the record. Dkt. 12 at 13.

An RFC finding need not directly correspond to a specific medical opinion. *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012). Thus, Plaintiff does not establish error in the ALJ's RFC assessment simply by stating that no particular evidence establishes the existence of this limitation. Furthermore, Plaintiff has not pointed to evidence credited by the ALJ indicating that she would be off-task a higher percentage of a workday, but it is this type of argument could establish error in the ALJ's decision. *See* Social Security Ruling ("SSR") 96-5p, 1996 WL 374183, at *5 (Jul. 2, 1996) ("Although the overall RFC assessment is an administrative finding on an issue reserved to the Commissioner, the adjudicator must

---

[4] Plaintiff also challenges other aspects of the ALJ's RFC assessment, citing medical opinion evidence and her own testimony, which she contends would indicate more severe limitations. Dkt. 12 at 13-18. But the ALJ explained why that medical evidence and subjective testimony was discounted, and Plaintiff has not shown that the ALJ erred in that assessment. Plaintiff did not assign error to the ALJ's credibility determination, and the Court explained *supra* why the challenged medical opinions were properly discounted. An ALJ may exclude limitations from an RFC assessment if the ALJ properly discounts the evidence establishing those limitations. *See Bayliss*, 427 F.3d at 1217-18.

REPORT AND RECOMMENDATION - 10

nevertheless adopt in that assessment any treating source medical opinion (i.e., opinion on the nature and severity of the individual's impairment(s)) to which the adjudicator has given controlling weight under the rules in 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)."). In light of Plaintiff's failure to show or even argue that the ALJ's RFC assessment is inconsistent with any particular evidence in this respect, Plaintiff has failed to meet her burden to establish error in the ALJ's decision. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

C.      The ALJ Erred at Step Five.

Plaintiff alleges two errors related to the ALJ's step-five findings, specifically the ALJ's reliance on vocational expert ("VE") testimony solicited in response to a hypothetical that assumes a person is limited to "light" work (without specifying any particular standing/walking restrictions) and would be absent from work once per month. Plaintiff argues that the ALJ's hypothetical did not accurately reflect the written RFC assessment, which limited Plaintiff to two hours of standing/walking per workday, and indicated that she would be absent from work "at least" one day per month. *Compare* AR at 25 *with* AR at 70.

The hypothetical posed to the VE must accurately describe all of a claimant's limitations; otherwise, the VE's testimony has "no evidentiary value." *Lewis v. Apfel*, 236 F.3d 503, 517-18 (9th Cir. 2001).

The Commissioner argues that the Court should correct the ALJ's "drafting error," wherein he stated that the regulatory definition of "light" work includes a two-hour limit on standing/walking and a six-hour limit on sitting, even though the regulations do not so define "light" work. Dkt. 14 at 3. The Commissioner assumes that the ALJ intended to rely on the regulatory definition of light work, rather than the more specific restrictions listed in the RFC. The Court is reluctant to speculate as to what the ALJ intended, given that crafting an RFC

assessment is a task for the Commissioner, not the courts. *See* SSR 96-5p, 1996 WL 374183, at *5.

The Court is especially reluctant to modify the ALJ's written RFC assessment to correct this error in light of the other erroneous discrepancy related to absences. The VE testified that an employee who misses more than one day per month could not maintain employment, and the written RFC assessment indicates that Plaintiff would be absent from work at least one time per month. AR at 73-74.

The Commissioner argues that because Plaintiff has not pointed to evidence suggesting that she would be likely absent more than one day per month, the discrepancy amounts to harmless error. There are at least two problems with the Commissioner's argument: as discussed above, the ALJ is charged with crafting an RFC assessment, and the Commissioner bears the burden at step five. An RFC assessment need not correspond to a specific medical opinion. *See Chapo*, 682 F.3d at 1288.

Accordingly, the Court finds that the step-five errors constitute reversible error and require a remand for further administrative proceedings.

## VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **June 29, 2016**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of

REPORT AND RECOMMENDATION - 12

objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 1, 2016**.

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 15th day of June, 2016.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 13